[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CONTEMPT CITATION #104.00
The parties were divorced in 1970 in the District of Columbia, after a sixteen (16) year marriage, wherein the court approved a separation agreement, which is Defendant's Exhibit 1 in this proceeding. The defendant is now a resident of Maryland, and the plaintiff resides in the state of Connecticut. The defendant wife brought this action after filing the foreign matrimonial judgment by Application for Rule to Show Cause and Motion for Contempt dated February 5, 1993. The matter was heard on Monday, September 13, 1993, and is decided after a thirty (30) day extension agreed to by the parties.
The defendant does not claim that the plaintiff failed to pay her, but rather that over the many years of their post-marriage relationship she believed the figures that were supplied by the plaintiff as to the computation of "gross income" from employment, and "gross income" as defined as income exceeding Thirty-seven Thousand, Five Hundred ($37,500.00) Dollars.
CT Page 1126 The plaintiff claims that he has met all of his obligations pursuant to the separation agreement, while conceding that after the commencement of this litigation, he mailed the defendant a check for Eleven Thousand, Eight Hundred ($11,800.00) Dollars. He wrote to the defendant that he had sent checks predicated on twenty-six, rather than twenty-four pay periods, as provided for in the separation agreement.
The defendant called a forensic accountant, Edward Axelrod of Darien, to testify concerning the plaintiff's gross income in the years 1986 through 1992. The substance of his conclusions, based upon a review of the plaintiff's tax returns for the years in question, in conjunction with his reading of the separation agreement, led to two computations of the amount of alimony due to the defendant over those years. Defendant's Exhibit 4 computes the "gross income" from employment, without adding rental income. Those include computations both utilizing rental deductions from income and deleting those deductions.
Defendant's Exhibit 5 adds all rental income to "gross income", and again computes those figures utilizing rental deductions from income, and deleting those deductions. The Internal Revenue Code Sec. 61 includes rental income for the purposes of definition of "gross income". By analogy, yet not to imply that they are impacted in this matter, the Uniform Support Guidelines also add rental income to "gross income."
Both computations add capital gains to the calculations of "gross income". The plaintiff asserts that his "understanding" of the agreement was that capital gains would not be included. However, the agreement is silent on the issue. The plaintiff cites Simms v. Simms, 25 Conn. App. 321 (1991) for the proposition that a capital gain should not be considered income for modification of alimony purposes. That situation is not present in this case. This court is being asked to interpret the definition of "gross income" within the separation agreement of the parties, for application over the life of the payment obligation of alimony. For purposes of this case, the court finds that capital gains are includible in "gross income" for CT Page 1127 the purposes of determining plaintiff's alimony obligation, as they are in the determination of his income for federal tax purposes.
With respect to the issue of rental income, this court finds that "rental income" is includible in "gross income", but that the plaintiff is entitled to net rental income and those those deductions which bring that income to zero. The court does not feel that it is justifiable to allow all depreciation to reduce his overall income, in that the property in question is real property. The court found compelling the evidence of Mr. Axelrod which included the rental income and capital gains, but without rental loss. (Defendant's Exhibit 4, pages 3 and 4).
At the time the agreement was drafted, the issue of a bonus was not contemplated, based upon the silence of the agreement, and of the parties in their testimony before the court. This court finds that salary and bonus are compensation for services rendered and are to be construed as "salary from employment" pursuant to the terms of the agreement.
The court finds that the plaintiff has underpaid the defendant in the total amount of Seventy-seven Thousand, Seven Hundred Twenty-nine ($77,729.00) Dollars. While the court cannot conclude that this was a willful contempt of the order of the court in the District of Columbia, sought to be enforced by this court, the defendant was forced to litigate her claim, occasioning substantial cost. Under the circumstances, the court will order the plaintiff to bear the expense of the forensic accountant, Mr. Axelrod, in the amount of One Thousand Five Hundred Twenty-five ($1,525.00) Dollars.
DRANGINIS, J.